IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JOHN KIRBY WRIGHT**  **PLAINTIFF**
**ADC #99769**

v.                    Case No. 2:13-cv-00078-KGB-JTK

**RAY HOBBS, et al.**                    **DEFENDANTS**

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 10). On August 12, 2013, plaintiff John Kirby Wright mailed a "statement of my appeal" and a "statement of necessity" to this Court. The Court construes these documents as objections to the Proposed Findings and Recommendations (Dkt. No. 11). After a review of the Proposed Findings and Recommendations, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety. Also pending is Mr. Wright's motion to appoint counsel (Dkt. No. 9). Due to the nature of this Order, Mr. Wright's motion to appoint counsel is hereby denied as moot.

Mr. Wright, an Arkansas Department of Corrections ("ADC") inmate filed this *pro se* complaint under 42 U.S.C. § 1983 setting forth a wide range of vague allegations of kidnapping, conspiracy to commit murder, and suicide by hypnosis (Dkt. No. 2). On June 27, 2013, Judge Kearney granted Mr. Wright's motion to proceed *in forma pauperis*. However, in that Order, Judge Kearney found Mr. Wright's complaint too vague and conclusory to determine whether it was frivolous, malicious, or failed to state a claim. Judge Kearney directed Mr. Wright to amend his complaint (Dkt. No. 6). Mr. Wright filed two responses to that Order by mailing correspondence to Judge Kearney's chambers (Dkt. Nos. 7, 8). In those responses, Mr. Wright

objects to filing an amended complaint, claiming that the State of Arkansas continues to ignore his complaints of cruel and unusual punishment, sexual harassment by hypnosis, conspiracy, and deliberate indifference (Dkt. No. 7). Mr. Wright alleges that unnamed individuals used hypnosis to destroy his legal work. Mr. Wright includes notes made on Court orders, and miscellaneous letters in which he alleges a 10 year conspiracy and deliberate indifference by hypnosis. Mr. Wright also includes allegations of theft and conspiracy by several of his fellow inmates (Dkt. No. 8).

Mr. Wright also mailed two letters to this Court instead of to Judge Kearney. For this reason, Mr. Wright's two letters were not considered by Judge Kearney in his Proposed Findings and Recommendations. This correspondence includes a 42 U.S.C. § 1983 complaint form, a statement of facts, statement of the claim, letters addressed to Judge Baker, and a letter to Linda Rountree, whom Mr. Wright identifies as his mother. The Court construes these letters as Mr. Wright's amended complaint, which Judge Kearney directed him to file (Dkt. No. 12). Mr. Wright's § 1983 complaint form lists names without any further factual allegations and refers to attached court and prisoner grievance documents. Mr. Wright's statement of facts discusses his efforts in getting § 1983 claim forms from the law library and the names of people involved in the "incidences." Mr. Wright's statement of the claim names two people who he claims tie the case together "over a long period of about twenty years" and that there has been "deliberate indifference to all my complaints and this organized kidnapping to avoid prosecution." In the letters addressed to Judge Baker, Mr. Wright makes vague allegations of destroyed evidence and legal documents, hypnosis, harassment, hate crimes, and conspiracy. He also complains of running out of writing supplies. After considering carefully all of Mr. Wright's correspondence,

the Court finds that, at this time, Mr. Wright still fails to state a claim upon which relief may be granted.

Mr. Wright also filed a statement of appeal and statement of necessity that the Court construes as Mr. Wright's objection to the Proposed Findings and Recommendations. Mr. Wright in his statement of appeal states that he wants "to press charges. Explination [sic]: deliberate indifference, conspiracy, 'hate crimes' and organized kidnapping." In a civil case, the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4. At this time, Mr. Wright cannot appeal this case because judgment has not been entered. Mr. Wright in his statement of necessity states that, "I want to file a complaint against this Court. I believe I'm being conspired against by government and state employees both within the Arkansas Departments [sic] of Corrections and the District Courts." Mr. Wright renews his motion for an attorney and his motion to appeal to the Eighth Circuit Court of Appeals. Mr. Wright states that the "whole state of Arkansas has been showing indifference." Lastly, Mr. Wright states that he submitted a statement of facts, statement of claim, and a statement of the case. As discussed above, even after considering these documents, the Court adopts the Proposed Findings and Recommendations.

Accordingly,

IT IS THEREFORE ORDERED that:

1. Mr. Wright's complaint and amended complaint against defendants are dismissed for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

4. Mr. Wright's motion to appoint counsel is denied as moot (Dkt. No. 9).

An appropriate Judgment shall accompany this Order.

IT IS SO ORDERED this 16th day of October, 2013.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE